IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

## STATE OF TENNESSEE v. HOWARD HOSE HORTON III

**Appeal from the Criminal Court for Davidson County
No. 2016-D-2294, 2018-B-1305   Cheryl A. Blackburn, Judge**

_____

### No. M2019-00266-CCA-R3-CD

_____

The defendant, Howard Hose Horton III, entered open pleas to one count of aggravated assault and one count of felony vandalism, and the trial court sentenced the defendant to an effective sentence of eight years' incarceration in the Tennessee Department of Correction. On appeal, the defendant argues the sentence imposed by the trial court was excessive. After reviewing the record and considering the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, Howard Hose Horton III.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

The defendant was charged with aggravated assault, felon in possession of a handgun, and domestic assault. The defendant subsequently agreed to plead guilty to aggravated assault with sentencing to be determined by the trial court.[1] Prior to the

---

[1] The felon in possession of a handgun and domestic assault charges were dismissed as part of the plea deal.

defendant's sentencing hearing, he was arrested for felony vandalism. The defendant again agreed to a plea deal with sentencing to be determined by the trial court. As part of the second plea, the State and the defendant agreed the defendant's sentence for vandalism would run consecutively to the aggravated assault sentence. A sentencing hearing was held on January 11, 2019.

During the sentencing hearing, the State introduced the presentence report as well as the testimony of Lekeeshah Horton. Ms. Horton, the defendant's wife, testified she was the victim in the vandalism case. The defendant damaged three of Ms. Horton's vehicles as he was leaving their house after arguing with Ms. Horton's teenage daughter. The defendant shattered the windows and windshields of the vehicles and also damaged one vehicle's hood. Ms. Horton testified she was able to get two of the vehicles repaired. However, one vehicle's windows were still broken. The receipt for the repairs totaled $819.38.

Ms. Horton testified this was not the first time she had been to court on a case involving the defendant. Three domestic assault charges were previously filed against the defendant with Ms. Horton listed as the victim. However, two of those charges were dismissed because Ms. Horton failed to testify against her husband. Ms. Horton agreed the defendant had a drug problem and had not maintained any long-term employment.

On cross-examination, Ms. Horton agreed the defendant was "a good person" and "a good dad" when he was not using drugs. She believed the defendant began using drugs because of stress and stated he was "[h]anging around the wrong crowd of people." Ms. Horton also testified the defendant's parents died when he was a child. Ms. Horton agreed the defendant needed help for his drug problem and stated he had never attended a drug treatment program. Although the defendant apologized to Ms. Horton once he was in jail, Ms. Horton did not know if the apology was sincere because the defendant often "apologize[d] to shut [her] up."

The defendant testified on his own behalf, stating he began using Percocet in 2003 due to stress. The petitioner also testified he suffered from Post-Traumatic Stress Disorder stemming from his traumatic childhood. He agreed he had a long criminal history but explained he often pled guilty to charges without knowing how they would later affect his life. He also agreed he was not successful on probation because he was not "keeping [himself] busy." Although he went to therapy as a child, the defendant had not taken anger management classes or attended a drug treatment program. If released on probation, the defendant requested to go to the Day Reporting Program so he could "take [his] days one step at a time."

- 2 -

On cross-examination, the defendant agreed taking drugs sometimes made him act violently. Regarding the current aggravated assault case, the defendant testified he and the victim, Victoria Chaney, were living at the same boarding house at the time of the assault. The defendant agreed he fought with Ms. Chaney, and she broke her hand. However, the defendant denied hitting Ms. Chaney's hand with a gun.

In sentencing the defendant, the trial court stated it considered the evidence presented at the sentencing hearing, including the presentence report and arguments of counsel. In reviewing the applicable enhancement factors, the trial court found enhancement factors (1), the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8), the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (13), at the time the felonies were committed, the defendant was released on bail or pretrial release. Tenn. Code Ann. § 40-35-114(1), (8), (13). However, factor (13) only applied to the vandalism charge. The trial court found no applicable mitigating factors but considered the defendant's willingness to plead guilty. At the conclusion of the sentencing hearing, the defendant was sentenced as a Range I offender to six years at 30 percent for aggravated assault and two years at 30 percent for vandalism to run consecutively for an effective sentence of eight years. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the trial court erred in imposing an excessive sentence. Specifically, the defendant argues the maximum sentence for each count was excessive because it "achieves neither the goal of rehabilitating [the defendant]" nor providing Ms. Horton with restitution for the damage to her vehicles. The State contends the trial court did not abuse its discretion in imposing the maximum sentence for each count. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See Id.* §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancement or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant pleaded guilty to aggravated assault, a Class C felony carrying a sentencing range of three to six years, and vandalism, a Class E felony carrying a sentencing range of one to two years. The trial court applied three enhancement factors and no mitigating factors. The trial court then imposed an effective sentence of eight years to be served at 30 percent.

Although the defendant contends the trial court erred in sentencing the defendant to the "most restrictive measures available," a defendant is not entitled to the minimum sentence within the applicable sentencing range. *See Carter*, 254 S.W.3d at 343. Rather, once the trial court determines the sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40-35-210 (a), (d); *Carter*, 254 S.W.3d at 343. Here, our review of the record indicates the trial court imposed a within range sentence after properly considering the evidence adduced at the sentencing hearing, the presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the crime, and evidence of mitigating and enhancement factors. Tenn.

Code Ann. §§ 40-35-103(5), -114, -210(b). Therefore, the defendant's sentence is presumed reasonable, and the defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____

J. ROSS DYER, JUDGE